## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 23-3003-KSM** |
| **DON TAYLOR,** | |
| Defendant.[1] | |

### MEMORANDUM

Marston, J.                                                                November 8, 2023

Plaintiff Wells Fargo Bank, N.A. initiated this mortgage foreclosure action against Defendant Don Taylor on March 3, 2023 in the Montgomery County Court of Common Pleas. (*See* Doc. No. 5-1 at 6.)  Taylor removed the case to this Court.  (*See* Doc. No. 1.)  Wells Fargo now moves to remand the case for lack of jurisdiction.  (Doc. No. 5.)  Taylor opposes the motion to remand.  (Doc. No. 11.)  For the reasons discussed below, that motion is granted.

---

[1] This caption is based on the caption of the complaint filed in the Court of Common Pleas of Montgomery County.  (*See* Doc. No. 5-1 at 6.)  In his Notice of Removal, Taylor included this caption, but added to it a line for the "DT Revocable Living Trust, Attorney-In-Fact for Don Lee Taylor," which he identifies as an "Interpleader." (Doc. No. 1 at 1.)  He also identifies multiple government organizations and private investment companies as "Joinder Defendants." (*Id.*)  The Court ignores these additions because the notice of removal cannot, on its own, properly interplead or join parties.  *See Rorrer v. JW Revocable Living Tr. for Whitfield*, C/A No. 0:23-cv-02567, 2023 WL 6619364, at *4 (D.S.C. Oct. 11, 2023) ("First, as a defendant, Defendant may not add additional parties to the litigation. It is well established that the plaintiff has the authority to choose who to name as a defendant in an action and these parties were not named in Defendant's divorce proceeding. Because a defendant has no such power, it is especially improper for Defendant to do so on a notice of removal in a preexisting case from state court."); *Shamblin v. Chesapeake Energy Corp.*, Civil Action No. 3:12-cv-0089, 2012 WL 1432284, at *1 n.1 (M.D. Pa. Apr. 25, 2012) ("Defendants may not unilaterally change the parties by altering the caption."); *U.S. Olympic Committee v. Ruckman*, Civil Action Nos. 09–4618 (FLW), 10–1252(FLW), 2010 WL 2179527, at *3 n.4 (D.N.J. May 28, 2010) ("Because USOC was not named as a party in the state court action, there was no basis for Ruckman to add it as a party through his Notice of Removal. Instead, the Court holds that Ruckman may not add USOC as a party here simply by designating its name on the Notice of Removal.").

## I.     BACKGROUND

Taking the allegations in the Complaint as true, the relevant facts are as follows.

Taylor lives in the home located at 8402 Widener Rd., Glenside, Pennsylvania, 19038. (Doc. No. 5-1 at 9.)  The property has been subject to a mortgage held by Wells Fargo since March 29, 2011.  (*Id.*)  Because Taylor has not paid the principal or interest due on the mortgage since April 1, 2020, Wells Fargo filed this *in rem* mortgage foreclosure action in the Court of Common Pleas for Montgomery County on March 3, 2023.  (*Id.* at 9, 12.)  As of that date, Taylor owed $245,367.78 in principal, interest, insurance, and tax disbursements.  (*Id.* at 10.)

Wells Fargo filed an affidavit of service in state court, certifying that service had been perfected against Taylor via notice posted at his home and via first class mail on July 7, 2023. (*Id.* at 17.)  One month later, Taylor removed the case to this Court, filing a document labeled "Notice of Removal as a Bill in Equity Interpleader."  (Doc. No. 1.)  The notice of removal is extremely difficult to follow, but Taylor seems to argue that this Court has "original and exclusive jurisdiction" over this action because the mortgage "is a gold contract" and because the removal invokes the federal interpleader statute.  (*See* Doc. No. 1 at 1 & 14 ¶ 72.)  Wells Fargo now moves to remand, arguing that this Court lacks jurisdiction over the case because the Complaint does not invoke a federal question, Taylor is a forum defendant who cannot remove the case solely on the basis of diversity, and none of the constitutional or statutory provisions cited by Taylor are triggered *by the Complaint* such that this Court otherwise would have had original jurisdiction over this action.  (*See* Doc. No. 5.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant[.]"). "[T]he burden is on the removing party to establish federal jurisdiction." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citation omitted). "The removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* (internal quotation marks and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Wells Fargo argues that removal was improper because the Complaint does not give rise to a federal question, Taylor cannot rely on diversity jurisdiction because he is a forum defendant, and none of the constitutional or statutory provisions cited by Taylor grant this Court original jurisdiction over the Complaint. (Doc. No. 5.) We address each of Wells Fargo's arguments in turn.

#### A. Federal Question Jurisdiction

This Court has federal question jurisdiction in cases arising under the Constitution, laws, or treatises of the United States. 28 U.S.C. § 1331. When determining federal question jurisdiction, the plaintiff's complaint controls. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475–76 (1998). In other words, it is not enough for a defendant to show that its affirmative defenses arise from a federal statute or constitutional right; instead, the defendant must show that the federal question appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar Inc.*, 482 U.S. at 392, 398; *Rivet*, 522 U.S. at 475.

Wells Fargo's complaint presents an *in rem* mortgage foreclosure action. Its claims concern only Taylor's default on the mortgage, which involves an issue of *state* law and invokes no matter of federal law. *See U.S. Bank Nat'l Ass'n v. Richelle*, 3:18-CV-971, 2019 WL

3

1293418, at *1 (M.D. Pa. Mar. 20, 2019) ("The state court mortgage foreclosure action was brought under Pennsylvania law.  No federal question is presented which would provide a basis for federal question jurisdiction.").  Taylor's claims regarding the underlying gold contract are in the nature of defenses, and therefore, irrelevant for purposes of determining subject matter jurisdiction under § 1331.  *See Caterpillar Inc.*, 482 U.S. at 392, 398; *see also U.S. Bank Nat'l Ass'n*, 2019 WL 1293418, at * 1 ("Pro se Defendant's contention that Plaintiff's actions in seeking foreclosure implicate due process under the Constitution does not transform this action into one based on federal question jurisdiction, as it is the Plaintiff's statement of his own cause of action that determines whether the action is brought under federal law." (quotation marks omitted)).

Because Wells Fargo's well-pleaded complaint raises no question of federal law, this Court does not have federal question jurisdiction over this action.

### B.    Diversity Jurisdiction

District courts have original jurisdiction in civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a).  Where federal jurisdiction is established solely on the basis of jurisdiction under § 1332(a), the action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought."  *Id.* § 1441(b)(2).  This is otherwise known as the forum defendant rule.  *Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 902 F.3d 147, 153 (3d Cir. 2018).

This action meets the statutory requirements for diversity jurisdiction under §1332(a).  However, Taylor is a resident of the state of Pennsylvania, the forum in which this action was

filed. (Doc. No. 4 at 101.)[2]  Accordingly, the forum defendant rule applies, and this Court lacks

subject matter jurisdiction under § 1332. *See U.S. Bank Nat'l Ass'n*, 2019 WL 1293418, at *1

("[*P*]*ro se* Defendant is a resident of Pennsylvania, making it improper to remove this case solely

based on diversity jurisdiction under 28 U.S.C. § 1441(b)(2).

### C.     Other Bases for Jurisdiction

We briefly address Taylor's arguments that this action otherwise triggers the Court's

original jurisdiction.

#### 1.     Interpleader

First, Taylor argues that this Court has jurisdiction because this is an action in

interpleader. *See* 28 U.S.C. § 1335(a) ("The district court shall have original jurisdiction of any

civil action of interpleader or in the nature of interpleader . . . ."). There are two types of

interpleader actions over which a federal court has jurisdiction. The first, is a claim in

interpleader brought under Federal Rule of Civil Procedure 22, otherwise known as "rule

interpleader." Under Rule 22, a defendant exposed to double or multiple liability may seek

interpleader through a crossclaim or counterclaim. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271,

275 (3d Cir. 2007). "Rule 22, [however], does not provide an independent basis for jurisdiction;

a rule interpleader action must be supported by some other source of jurisdiction, such as 28

---

[2] In his opposition brief, Taylor "specifically den[ies] and rebut[s] any allegation of, and in fact specifically state[s] on the record that he *do[es] not identify* as a 'Citizen' or 'Subject' of Pennsylvania, den[ies he is] a 'resident' or 'citizen' of any political body, exercise[s his] protected right of apolitical, peaceful, neutral character as a non-citizen Pennsylvanian and pledge[s] no allegiance to any government other than the Kingdom of Heaven." (Doc. No. 11 at 7.) Even if we were to accept this "sovereign citizen" argument, it would suggest only that Taylor failed to establish diversity citizenship in the first place. *See Wells Fargo Bank, Nat'l Ass'n*, 788 F. App'x 857, 860 (3d Cir. 2019) (finding that the defendant, who attempted to remove a state foreclosure action to federal court, failed to establish diversity jurisdiction because "the complaint that she sought to remove did not allege the citizenship of the parties and [she] did not allege their citizenship either. Instead, she asserted that she is a citizen of the 'Moorish American National Republic' and not of New Jersey or of any other state").

U.S.C. § 1331 or 28 U.S.C. § 1332." *Noatex Corp. v. King Const. of Houston, LLC*, 864 F. Supp. 2d 478, 482 (N.D. Miss. 2012); *see also Metro. Life Ins. Co.*, 501 F.3d at 275 ("Unlike its statutory counterpart, rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction.").  And in any event, Taylor has not satisfied the requirements for bringing an interpleader claim pursuant to Rule 22 because he has not filed a *pleading* in this action that asserts such a claim against Wells Fargo.  *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 n.2 (1972) ("[U]nder Fed.Rule Civ.Proc. 22, a defendant seeking interpleader must frame his *pleading* either as a cross-claim seeking relief against a co-party *already in the lawsuit*, or as a counterclaim seeking relief against the plaintiff. . . .  [T]he interpleader provided by Rule 22 must have some nexus with a party already in the case."); *Stiffler v. Wu Locust Partners, L.P.,* Civil Action No. 08-3594, 2009 WL 399859, at *3 (E.D. Pa. Feb. 13, 2009) ("An interpleader action pursuant to Rule 22 . . . is commenced by filing a complaint in interpleader.  No such [claim] has been filed in the instant matter, and thus no interpleader action has been commenced." (citations omitted)).

That leaves the second type of interpleader action.  Under 28 U.S.C. § 1335, district courts have subject matter jurisdiction over a complaint filed under this provision if there is "minimal diversity" between two or more adverse claimants, and if the amount in controversy is $500 or more.  *Id.*  This is known as "statutory interpleader."  Although the Third Circuit has not addressed this issue, other courts of appeals have recognized that § 1335 may provide the district court with the original subject matter jurisdiction required for removal.  *See Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016) ("We must first determine whether the district court possessed subject-matter jurisdiction over the interpleader action removed from state court. . . .  In the present case, statutory interpleader provided the district court with original subject-

jurisdiction."); *Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, LLC*, 782 F.3d 186, 193 (5th Cir. 2015) ("Tellingly, appellants concede that, at the time of filing—and when Noatex removed the action to federal court—the district court had jurisdiction over the interpleader action because all of § 1335's requirements were then met.").

However, in those cases, the underlying state court action was one based in interpleader. *See Watson*, 817 F.3d at 301; *Auto Parts Mfg. Miss., Inc.*, 782 F.3d at 193.  That is not the case here.  As noted earlier, Taylor's notice of removal is not a pleading in this Court and cannot assert new claims against Wells Fargo.  Because Taylor has not asserted a *claim* based in interpleader, § 1335 does not serve as a basis for this Court's jurisdiction.[3]  *See Stiffler*, 2009 WL 399859, at *2 ("The Third Circuit's jurisprudence on interpleader . . . dictates that interpleader requires a suit or a claim against other parties, not just reliance on the legal theory." (collecting cases)); *id.* at *3 ("The two textual authorities controlling interpleader—28 U.S.C. § 1335 and Fed.R.Civ.P. 22—again suggest that parties may not utilize[ ] interpleader without first instituting a claim against the other parties."); *see also F.T.C. v. Crittenden*, 823 F. Supp. 699, 702 (C.D. Cal. 1993) ("The instant action is not an interpleader action.  An interpleader action pursuant to Federal Rule of Civil Procedure Rule 22 or 28 U.S.C. § 1335 is commenced by filing

---

[3] Even assuming Taylor had filed a claim for interpleader relief under § 1335, the Court would still lack jurisdiction because he has not satisfied the statutory requirements.  To seek interpleader relief under § 1335 the following requirements must be met:  (1) the interpleader action must be brought by a stakeholder who had custody or possession of the funds to be distributed; (2) the amount in controversy must be $500 or more; (3) there must be two or more adverse claimants asserting a right to the fund; (4) the adverse claimants must be of diverse citizenship; and (5) the amount disputed must be deposited in the court registry or a bond payable to the clerk of courts in the appropriate amount.  *Midland Nat'l Life Ins. Co. v. Rivas*, 318 F.R.D. 303, 306 (E.D. Pa. 2016).  There is no record that Taylor deposited the amount in controversy with the court or gave the required bond.  *See Transamerica Ins. Co. v. Stutzman*, CIV. A. No. 88–5028, 1988 WL 80034, at *1 (E.D. Pa. July 28, 1988) ("Although the complaint filed in the State court asserts that plaintiff is "ready and willing to pay" the amount which is subject to the adverse claims of defendants, such amount has not been deposited with the court nor has a bond been given.  Therefore, this court does not have jurisdiction of this action under 28 U.S.C. § 1335.").

a complaint in interpleader.  No such complaint has been filed in the instant matter, and thus no interpleader action has been commenced." (citation omitted)).

### 2.      **Claims Brought by or against the United States**

Next, Taylor argues that the Court has jurisdiction under 28 U.S.C. § 1346, which confers the district courts with limited jurisdiction over claims against the United States.  28 U.S.C. § 1346(a)(2) ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States . . . not sounding in tort.").  Section 1346(a) cannot serve as the basis for the Court's jurisdiction in this case because the United States has not been properly joined as a party in this action, and in any event, the claim that Taylor wishes to assert against the United States appears to be worth more than $10,000.

### 3.      **Remaining Statutes**

Taylor also references 28 U.S.C. § 2361 and 31 U.S.C. §§ 5118 and 9303.  However, none of these sections confer jurisdiction.  *See* 28 U.S.C. § 2361 (authorizing the district court to "issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding . . . affecting the property, instrument, or obligation" that is the subject of an interpleader action under § 1335); 31 U.S.C. § 5118 (suspending gold standard)[4]; 31 U.S.C. § 9303 (allowing a person obligated to give a surety bond to instead give "an eligible obligation").

---

[4] Taylor relies primarily on § 5118 for his argument that this Court has jurisdiction, but at least two other district courts have rejected similar arguments, finding that § 5118 was "definitional only," and did not "provide any private cause of action which would confer jurisdiction to this Court over Defendant's [state] proceeding."  *Rorrer*, 2023 WL 6619364, at *5 n.5; *accord Bell v. JP Morgan Chase Bank*, CIV 06-11550, 2007 WL 107833, at *3–4 (E.D. Mich. Jan. 8, 2007).

**IV.** **<u>CONCLUSION</u>**

For the reasons discussed above, the motion to remand is granted.  An appropriate order

follows.